**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALERIE J. STACKER,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　　Defendant(s). | Case No. 2:16-cv-2913-GHW<br><br>**Referred for settlement proceedings to Magistrate Judge Suzanne H. Segal**<br><br>ORDER RE SETTLEMENT CONFERENCE<br><br>DATE:　　　July 9, 2019<br>TIME:　　　1:30 p.m.<br>PLACE:　　COURTROOM 590 |

**PLEASE READ THIS ORDER CAREFULLY**

　　This case has been referred to Magistrate Judge Suzanne H. Segal for settlement proceedings.

　　The Settlement Conference is placed on calendar for **Tuesday, July 9, 2019 at 1:30 p.m.**, Courtroom 590, Fifth Floor, 255 E. Temple Street, Los Angeles, California 90012.[1]  The Magistrate

---

[1] The Court recommends that you park in a lot near the courthouse that remains open late.  For example, Joe's Auto Parks on Aliso south of Alameda is open 24 hours a day.

Judge will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case.

The following are guidelines for the parties in preparing for the Settlement Conference.

1. Pursuant to Local Rule 16-15.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree.

2. Counsel who will try the case must be present. In addition, a person with full settlement authority should likewise be present for the conference. **This requirement contemplates the physical presence of your client or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client. Each party shall have a representative present with full settlement authority.** [2]

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

---

[2] This rule does not apply to cases involving pro se plaintiffs. However, Defendant must have a representative present with appropriate authority to settle the case. The Court notes that counsel for Defendant indicated that the CDCR representative would not be present for the conference but would appear by telephone.

2

Either at a telephonic conference prior to the date of the settlement conference (which will only take place if the Court requests such a telephonic conference) or at the beginning of the settlement conference, the Court will ask each counsel to identify who will appear on behalf of the party. Even if your client is located outside the Central District of California, the client will be expected to appear in person. Any other issues relevant to the settlement conference may be raised at the telephonic conference. Any relief from the requirement of a party's presence may only be granted by the Court, following a motion or <u>ex parte</u> application from the party seeking relief.[3]

3. If Board approval is required to authorize settlement, the attendance of at least one sitting and knowledgeable member of the Board (preferably the Chairman) is required.

4. Any insurance company that is contractually required to defend or to pay damages assessed within policy limits also should have a settlement representative present. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

---

[3] The provisions of Local Rule 16-15.5(b) are inapplicable to this Order. Parties may only appear by telephone with prior approval of the Court. Only the United States, its agencies or employees are entitled to rely upon Local Rule 16-15.5(b).

In addition, the Court ORDERS that the following occur prior to the settlement conference (in the event these deadlines have passed, then parties are directed to expeditiously serve the offers and counteroffers described below):

Ten (10) business days prior to the date of the conference, Plaintiff(s) must serve a detailed written demand on Defendant(s);

Eight (8) business days prior to the date of the conference, Defendant(s) must serve a detailed written counter offer to Plaintiff(s).

Six (6) business days prior to the date of the conference, Plaintiff(s) must serve a written Reply to the Counter Offer. The parties should either include these exchanges in their settlement statements or advise the Courtroom Deputy of these exchanges by email.

5. No later than five (5) court days prior to the conference, each party shall <u>submit a Settlement Conference Statement directly to Judge Segal</u> via email to ss_chambers@cacd.uscourts.gov. No courtesy copy is necessary for Judge Segal other than the electronic version served via email. <u>The parties shall serve the Statements on all relevant parties in the action on the same date</u>. The Statements should not be filed with the Clerk of the Court and they will not be made part of the case file. The Statements shall be double-spaced and shall not

**exceed ten (10) pages in length.**

The parties' respective Settlement Conference Statements shall include the following:

    A.   A brief statement of the facts of the case, including the party's claims and defenses.

    B.   **An <u>ITEMIZED STATEMENT OF THE DAMAGES claimed, and of any other relief sought</u>.** This is one of the most **critical** aspects of the party's statement.

    C.   A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

    D.   A history of past settlement discussions, offers and demands, **INCLUDING THE DEMANDS/OFFERS DESCRIBED IN PARAGRAPH 8**.

    6.   <u>Each party shall also prepare a Confidential Addendum to Settlement Conference Statement, which shall be delivered directly to Judge Segal only (again via email only, no courtesy copy required), along with the Settlement Conference Statement.</u> The Confidential Addendum shall <u>not</u> be filed with the Court <u>or</u> served upon the other parties. The Confidential Addendum shall contain:

    A.   A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

    B.   The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial and (iii) trial.

1      B.   The party's evaluation of the terms on which the case
2 could be settled fairly, taking into account the litigation
3 position and settlement position of the other side.

5      7.   In the event both parties <u>agree</u> that a settlement
6 conference at this point in the litigation would not be meaningful,
7 <u>after the above described steps are completed</u>, the parties are
8 instructed to telephone Judge Segal's courtroom deputy clerk at
9 (213) 894-3598 and inform her of this information.  The Court will
10 then hold the settlement conference telephonically and will notify
11 the parties of the date of the telephonic conference.

13      8.   Counsel should have available for the Court's review
14 copies of all critical documents (<u>i.e.</u>, pleadings, declarations or
15 witness statements, business records, personnel files, etc.), as
16 well as copies of all important witnesses' deposition transcripts,
17 if a party believes such documents will assist in the evaluation
18 of the case.  If a party's settlement position is predicated on
19 the recoupment or recovery of attorney's fees and/or costs, then
20 its counsel should have available copies of billing records
21 substantiating both the time expended and the expenses incurred.
22 **The Court expresses its appreciation to counsel for their**
23 **cooperation with these procedures and looks forward to a productive**
24 **settlement conference.**

26 DATED: June 7, 2019

                                          /S/
27                                   _____
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE