# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-2913-GHW | Date | October 7, 2019 |
|---|---|---|---|
| Title | *Valerie J. Stacker, et al. v. J. Johnson, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Valerie Stacker, PRO SE | R. Lawrence Bragg | |

**PROCEEDINGS:** **DEFENDANTS CARDENAS, LOPEZ AND JOHNSON'S MOTION FOR SUMMARY JUDGMENT [114]**

The Court's Tentative Ruling is circulated and attached hereto. Court confers with the parties. For reasons stated on the record, Plaintiff will have until October 18, 2019 to file any supplement brief. Defendants will respond by October 25, 2019. The matter will stand submitted.

: 12

Initials of Preparer  JG

*Stacker, et al. v. Cal. Dep't of Corrs. & Rehab., et al.*, Case No. 2:16-cv-2913-GHW
Tentative Ruling on Motion for Summary Judgment

Defendants Cardenas, Lopez and Johnson ("Defendants") – the only remaining identified defendants in this action – move for summary judgment. The operative complaint is the Fourth Amended Complaint ("FAC") filed May 6, 2019, by plaintiffs, *in pro per*, Valerie J. Stacker, individually and as next friend of Jermaine L. Stacker ("Valerie"), and the Estate of Jermaine L. Stacker (collectively, "Plaintiffs"). The FAC contains two claims for relief, one (which includes a survival action) pursuant to 42 U.S.C. § 1983 for violation of the Eighth and Fourteenth Amendments due to deliberate indifference to serious medical needs, health and safety and failure to protect, and one for "general negligence – wrongful death." According to the undisputed facts, *see* Footnote 2, *infra*, this case concerns events surrounding the death of Jermaine L. Stacker ("Decedent") following an apparent fentanyl overdose at Kern Valley State Prison on November 25, 2015, and Plaintiffs' contention that Defendants should have taken precautions to prevent the decedent from suffering the overdose.[1] *See* Defendants' Response to Statement of Genuine Disputes, Docket No. 135-1, ¶¶ 22, 43, 49, 70-71. Valerie is the Decedent's mother. *See id.* ¶ 1.

For a basic reason discussed below, the Court will grant summary judgment in Defendants' favor on Plaintiffs' Section 1983 claim (and then decline supplemental jurisdiction over the only other claim pled in the FAC). Before addressing that reason, however, the Court highlights for the parties the standards that are applied at summary judgment, because those standards are at least partially responsible for Plaintiffs' failure to proceed with this litigation beyond this motion (at least in this Court).

A. <u>Summary Judgment Standards/Rules</u>

Summary judgment is proper when "the movant shows that there is no genuine

---

[1] As stated in ¶ 6 of the FAC:

> Defendants Correctional Officer J. Johnson, C/O J. Lopez, C/O J. Cardenas and C/O Does 1-10, at all relevant times herein, were employed by CDCR as correctional officers at KVSP. On information and belief, they were first responders to the call for help and medical treatment on November 25, 2015.

*See* Docket No. 109 at page 3 of 28.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Miranda v. City of Cornelius*, 429 F.3d 858, 860 n.1 (9th Cir. 2005). To satisfy its burden at summary judgment, moving parties *without* the burden of persuasion (such as Defendants here) "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (emphasis added); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and citing *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000)); *Fairbank*, 212 F.3d at 532 (holding that the *Celotex* "showing" can be made by "pointing out through argument…the absence of evidence to support plaintiff's claim").

> If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party *may not rely on the mere allegations in the pleadings* in order to preclude summary judgment[, but instead] must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.

*T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (internal citations and quotation marks omitted) (emphasis added).

The opposing party must "cit[e] to particular parts of materials in the record" or show that the materials the moving party cited do not establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). In addition, under this Court's Local Rules, where the moving party on a motion for summary judgment has "claimed and adequately supported" material facts, those facts "are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' [described in Local Rule 56-2] and (b) controverted by declaration or other written evidence filed in opposition to the motion." *See* C.D. Cal. L.R. 56-3; *see also Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1058 (9th

2

Cir. 2009) ("The 'party opposing summary judgment must direct [the court's] attention to specific, triable facts,' and the reviewing court is 'not required to comb through the record to find some reason to deny a motion for summary judgment.'") (quoting *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) and *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001)); *see also Carmen*, 237 F.3d at 1029 ("[W]hatever establishes a genuine issue of fact must *both* be in the district court file *and* set forth in the response.").[2]

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must then determine whether "a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient.").

Generally-speaking, in judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence, and views all evidence and draws all inferences in the light most favorable to the non-moving party. *See T.W. Elec.*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); *Motley v. Parks*, 432 F.3d 1072, 1075 n.1 (9th Cir. 2005) (*en banc*); *Miranda*, 429 F.3d at 860 n.1. Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See National Steel Corp v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997); *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979). And factual assertions made in legal memoranda, but not supported by the evidence submitted, are insufficient. *See S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1980).

B. <u>Plaintiffs' Section 1983 Claim</u>

With respect to Plaintiffs' claim based upon 42 U.S.C. § 1983, Defendants have

---

[2] If the Court had need to consider Plaintiffs' efforts in this regard for purposes of resolving this motion – which, for the reasons expressed *infra*, it does not – those efforts would be plainly insufficient given this District's Local Rules and this Court's Standing Order governing summary judgment motions. *See* Docket Nos. 121-23, 130.

argued, at least in part, that they are entitled to qualified immunity. As is discussed below, this puts Plaintiffs to the test of overcoming an increasingly formidable requirement in civil rights litigation.[3]

"'Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). A qualified immunity inquiry asks two questions: (1) was there a violation of a constitutional right, and, if so, (2) was the right at issue "clearly established" such that it would have been clear to a reasonable officer that his conduct was unlawful in that situation? *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001), *overruled on other grounds by Pearson v. Callahan*, 239 S.Ct. 808 (2009). Courts have discretion to choose which of the two prongs is addressed first. *See Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014); *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). "Defendants are entitled to [qualified immunity] only if the facts alleged and evidence submitted, resolved in [Plaintiffs'] favor and viewed in the light most favorable to [Plaintiffs], show that [Defendants'] conduct did not violate a federal right; or, if it did, the scope of that right was not clearly established at the time." *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007). Thus, the facts must be viewed in Plaintiffs' favor.

However, once the facts taken in the light most favorable to the party asserting the injury show violation of a constitutional right, a court is to examine whether the right at issue was clearly established at the time of the defendant's alleged misconduct such that it would be clear that his conduct was unlawful in the situation he confronted. *See Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1167-68 (9th Cir. 2011). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (quoting

---

[3] As observed in *Morales v. Fry*, 873 F.3d 817, 823 (9th Cir. 2017):

> In recent years, the [Supreme] Court has tightened the inquiry [as to qualified immunity] to focus closely on an analysis of existing precedent. In 2011, the Court clarified that while it "do[es] not require a case directly on point . . . existing precedent must have placed the statutory or constitutional question beyond debate," such that "every" reasonable official − not just "a" reasonable official − would have understood that he was violating a clearly established right. *Ashcroft* [*v. al-Kidd*], 563 U.S. at 741 (emphasis added). In later cases, the Court reiterated that clearly established law should not be defined "at a high level of generality" and that the "dispositive question" is "whether the violative nature of particular conduct is clearly established." *See*, *e.g., Mullenix v. Luna*, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (per curiam) (quoting *Ashcroft*, 563 U.S. at 742).

*Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012)); *see also Motley*, 432 F.3d at 1077 ("Finally, even if the violated right was clearly established,…it may be difficult for a police officer fully to appreciate how the legal constraints apply to the specific situation he or she faces. Under such a circumstance, '[i]f the officer's mistake as to what the law requires is reasonable,…the officer is entitled to the immunity defense.") (quoting *Saucier*, 533 U.S. at 205); *Sjurset v. Button*, 810 F.3d 609, 616 (9th Cir. 2015). *But see Morales v. Fry*, 873 F.3d 817, 824-25 (9th Cir. 2017) (characterizing, as "explicitly repudiated by the Supreme Court," the Ninth Circuit's prior "qualified immunity method of analysis evoking 'double reasonableness'"). As a result, as it is frequently-phrased, this "immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (quoting *Mullenix*, 136 S.Ct. at 308); *see also Sheehan v. City & Cty. of S.F.*, 135 S.Ct. 1765, 1774 (2015).

For a legal principle to be "clearly established," it "must have a sufficiently clear foundation in then-existing precedent. The rule must be 'settled law,' which means it is dictated by 'controlling authority' or 'a robust consensus of cases of persuasive authority.' It is not enough that a rule is suggested by then-existing precedent." *D.C. v. Wesby*, 138 S.Ct. 577, 589-90 (2018) ("*Wesby*") (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam) and *Ashcroft v. al-Kidd*, 563 U.S. 731, 741-42 (2011)); *see also Plumhoff*, 134 S.Ct. at 2024 (referencing the absence of "any case – let alone a controlling case or a robust consensus of cases" – that clearly established the proposed right); *Boyd v. Benton Cty.*, 374 F.3d 773, 781 (9th Cir. 2004) ("[I]n the absence of binding precedent, we 'look to whatever decisional law is available to ascertain whether the law is clearly established for qualified immunity purposes, including decisions of state courts, other circuits, and district courts.'") (quoting *Drummond v. City of Anaheim*, 343 F.3d 1052, 1060 (9th Cir. 2003))[4].

Crucially, it is *Plaintiffs* who bear the burden of proving the existence of a clearly established right as of the time of the allegedly impermissible conduct. *See Plumhoff*, 134 S.Ct. at 2023; *Maraziti v. First Interstate Bank of California*, 953 F.2d 520, 523 (9th Cir.

---

[4] *Boyd*'s formulation of the permissible scope of authority that may be considered still appears to be good law. *See, e.g.*, *Estate of Levingston v. Cty. of Kern*, No. 1:16-cv-00188-DAD-JLT, 2018 WL 1335410, *9 (E.D. Cal. Mar. 15, 2018). *But see S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1016 (9th Cir. 2017) ("'[D]istrict court decisions – unlike those from the courts of appeals – do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity.'") (quoting *Hamby v. Hammond*, 821 F.3d 1085, 1095 (9th Cir. 2016)).

1992); *Emmons v. City of Escondido*, 921 F.3d 1172, 1174 (9th Cir. 2019); *Olivier v. Baca*, 913 F.3d 852, 860 (9th Cir. 2019); *see also Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1038 (9th Cir. 2018) ("We agree with the district court that Reese has not identified any sufficiently analogous cases showing that under similar circumstances, a clearly established Fourth Amendment right against the use of deadly force existed at the time of the shooting."); *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 947 (9th Cir. 2017) ("In typical cases, the plaintiff 'identif[ies] a case where an officer acting under similar circumstances as [the defendant] was held to have violated the Fourth Amendment.' In the absence of 'a case directly on point, we compare 'specific factors' relevant to the excessive force inquiry to determine whether a reasonable officer would have known that the conduct in question was unlawful.'") (quoting *S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1015-16 (9th Cir. 2017) and *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010)). Equally (and perhaps more) critically, the Supreme Court has – especially in recent years – "'repeatedly told courts – and the Ninth Circuit in particular – not to define clearly established law at a high level of generality.'" *Kisela*, 138 S.Ct. at 1152 (quoting *Sheehan*, 135 S.Ct. 1765, 1775-76 (2015)); *see also White*, 137 S.Ct. at 552 ("Today, it is again necessary to reiterate the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'") (quoting *Ashcroft*, 563 U.S. at 742); *Mullenix*, 136 S.Ct. at 308; *Sheehan*, 135 S.Ct. at 1776 ("Qualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures."); *Wesby*, 138 S.Ct. at 590. Instead, "the clearly established law must be 'particularized' to the facts of the case." *White*, 137 S.Ct. at 552.

The level of specificity the Supreme Court requires is relatively considerable. For instance, in *Mullenix* – though dealing with a factual situation far afield from what is involved here – the Supreme Court rejected the Fifth Circuit's formulation of a clearly established rule as being "that a police officer may not 'use deadly force against a fleeing felon who does not pose a sufficient threat of harm to the officer or others.'" 136 S.Ct. at 308-09 (quoting *Luna v. Mullenix*, 773 F.3d 712, 725 (5th Cir. 2014)). Instead, it required that the "clearly established" analysis confront the fact that the officer in question "confronted a reportedly intoxicated fugitive, set on avoiding capture through high-speed vehicular flight, who twice during his flight had threatened to shoot police officers, and

6

who was moments away from encountering an officer at Cemetery Road." *Id.* at 309. It then distinguished other "excessive force cases involving car chases" by emphasizing various, relatively granular, distinctions. *See id.* at 309-10; *see also Wesby*, 138 S.Ct. at 590-91 ("We start by defining 'the circumstances with which [the officers] w[ere] confronted.' The officers found a group of people in a house that the neighbors had identified as vacant, that appeared to be vacant, and that the partygoers were treating as vacant. The group scattered, and some hid, at the sight of law enforcement. Their explanations for being at the house were full of holes. The source of their claimed invitation admitted that she had no right to be in the house, and the owner confirmed that fact.") (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)); *Sheehan*, 135 S.Ct. at 1777 ("The panel majority concluded that [certain specified cases] 'would have placed any reasonable, competent officer on notice that it is unreasonable to forcibly enter the home of an armed, mentally ill suspect who had been acting irrationally and had threatened anyone who entered when there was no objective need for immediate entry.' But even assuming that is true, *no precedent clearly established that there was not 'an objective need for immediate entry' here.*") (quoting 743 F.3d at 1229); *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018) ("Here, officers confronted a reportedly erratic individual that took refuge in a 7-Eleven, cut someone with scissors, asked officers to shoot him, simulated having a firearm, and ultimately charged at officers with something in his upraised hand. The relevant inquiry is whether existing precedent placed the conclusion that officers acted unreasonably in these circumstances 'beyond debate.'") (quoting *Mullenix*, 136 S.Ct. at 309); *Reese*, 888 F.3d at 1039 ("Critically, Reese points to no case that considered the relevant question whether Deputy Rose, having come within striking distance of a suspect who had held a knife a fraction of a second before, was objectively unreasonable in using deadly force before determining whether the suspect still possessed the knife."); *Estate of Lopez by and through Lopez v. Gelhaus*, 871 F.3d 998, 1018 n.17 (9th Cir. 2017).

The Court has reviewed all of Plaintiffs' filings that might be understood as contributing to a timely opposition to this motion. *See* Docket Nos. 121-24, 130-31. The only attention that it perceives Plaintiffs having given the issue of qualified immunity is a single sentence in their filing on August 21, 2019, in which they state "Finally Defendants

assert qualified immunity as to Plaintiff's claims." Docket No. 131, at 8:17. That is the entirety of Plaintiffs' consideration of the topic of qualified immunity – in other words, there is no discussion of clearly-established law whatsoever.

*Pro per* plaintiffs are not excepted from the requirements inherent in a summary judgment motion. *See Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (rejecting argument that "as a *pro se* litigant the district court should have searched the entire record to discover whether there was any evidence that supports her claims" because "[a] district court does not have a duty to search for evidence that would create a factual dispute" and "[a] district court lacks the power to act as a party's lawyer, even for *pro se* litigants"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds*, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 925-28 (9th Cir. 2012) (en banc). They have plainly failed their burden of identifying clearly established law. Therefore, even if the Court were to assume that Defendants had engaged in one or more violations of Constitutional rights for purposes of one of the steps set out in *Saucier*, Plaintiffs' Section 1983 claim could not proceed beyond this stage because of their failure at the other step.

In sum, the Court would grant Defendants' motion as to Plaintiffs' Section 1983 claim because of Plaintiffs' wholesale failure to carry their burden of identifying clearly established law, as understood by the Supreme Court, in order to be able to overcome Defendants' qualified immunity defense.

C. General Negligence – Wrongful Death

Defendants present at least two arguments that might dispose of (or at least might be germane to disposition of) Plaintiffs' claim for general negligence – wrongful death: that Valerie lacks standing to sue for wrongful death and that the only claim submitted in attempted compliance with California's government claim presentation statutes was a personal-capacity claim on Valerie's behalf only. Whatever might be the proper resolution of those arguments, however, Defendants also argue that once Plaintiffs' Section 1983 claim is resolved, the Court should decline supplemental jurisdiction over the remainder of the case and allow Plaintiffs to pursue it in California state court. The Court agrees with this last suggestion.

When federal claims are resolved at or before the summary judgment stage, the Supreme Court has indicated that it may be error to maintain supplemental jurisdiction over related state-law claims. *See also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (noting that "state law claims '*should*' be dismissed if federal claims are dismissed before trial," though it is not true that they "*must*" be dismissed). In light of the Court's disposition of Plaintiffs' Section 1983 claim, that would be the situation here if the Court continued to maintain jurisdiction over Plaintiffs' general negligence – wrongful death claim. In addition, this case is only before this Court following its transfer from the Eastern District of California due to an over-loaded docket in that District. Declining supplemental jurisdiction over this last claim at this stage will enable 1) the parties to litigate this action, if they so choose, in a venue closer to where it was originally-filed, and 2) the state courts to address the issues of state law Defendants raise as a means to potentially barring Plaintiffs' remaining claim. *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

Considering the grounds for the Court's resolution of this motion, the Court has no need to resolve Defendants' evidentiary objections filed on September 19, 2019, in Docket No. 135-2.[5]

D. Conclusion

For the reasons stated above, the Court grants Defendants' motion with respect to Plaintiffs' Section 1983 claim and dismisses without prejudice Plaintiffs' general negligence/wrongful death claim pursuant to 28 U.S.C. § 1367(c)(3). Plaintiffs may pursue that latter claim in an appropriate state court, if they are so-inclined.

---

[5] The Court dismisses any remaining Doe defendants due to Plaintiffs' apparent failure to timely serve them following filing the FAC. *See* Fed. R. Civ. P. 4(m).