UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2913-GHW | Date | October 26, 2020 |
|---|---|---|---|
| Title | *Valerie Stacker, et al. v. Johnson, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER CONFIRMING TENTATIVE RULING; GRANTING SUMMARY JUDGMENT MOTION IN PART; DISMISSING ACTION**

On October 8, 2019, the Court issued a tentative ruling in this matter in connection with a summary judgment motion filed by defendants Cardenas, Lopez and Johnson (collectively, "Defendants"). *See* Docket No. 137. In that tentative ruling, the Court explained why it was prepared to grant Defendants' motion with respect to the claim for violation of 42 U.S.C. § 1983 raised by plaintiffs Valerie J. Stacker, individually and as next friend of Jermaine L. Stacker, and the Estate of Jermaine L. Stacker (collectively, "Plaintiffs") and to decline supplemental jurisdiction over Plaintiffs' only other claim, a state-law claim. *See id.* at pgs. 4-10 of 10. Specifically, as to the Section 1983 claim, the Court concluded that Plaintiffs had failed to satisfy their burden of demonstrating the clearly-established law necessary to deny Defendants' qualified immunity on the claim. *See id.* at pgs. 5-9 of 10. However, the Court also offered Plaintiffs, appearing *in pro per*, an opportunity to file a supplemental brief, and Defendants an opportunity to file a supplemental reply brief. *See id.* at pg. 1 of 10.

Plaintiffs and Defendants both subsequently filed supplemental briefing. *See* Docket Nos. 138-139. The Court has reviewed that briefing. To put it simply, Plaintiffs' briefing is non-responsive with respect to any attempt to satisfy their burden on the "clearly-established" question. Instead, it appears to be an attempted submission of evidence that Plaintiffs believe are relevant to the facts underlying the case. In other words, it adds nothing to the perceived shortcomings in Plaintiffs' response to Defendants' motion insofar as the Section 1983 claim is concerned. With the exception of a single sentence in the concluding paragraph of their reply supplemental brief in which they state that "the points Plaintiff attempts to raise in the Supplemental Brief are not material to the Defendants' liability in this case," Docket No. 139, at 5:19-20, Defendants address the additional material Plaintiffs submitted in their supplemental brief, not the clear fact that Plaintiffs entirely avoided the "clearly-established" question issue in that brief.

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2913-GHW | Date | October 26, 2020 |
|---|---|---|---|
| Title | *Valerie Stacker, et al. v. Johnson, et al.* | | |

    The Court remains focused on the issue at hand.  As set forth in the Tentative Ruling it issued October 8, 2019, it is Plaintiffs' burden, in attempting to overcome a qualified immunity defense at the summary judgment stage, to demonstrate that rights in question were clearly-established, in light of the meaning of that concept as set forth by the Supreme Court over the past 20 years.  Despite being given an additional opportunity to attempt to meet that burden, Plaintiffs' responses have either been entirely insufficient (in the form of a single sentence devoted to the topic in their original Opposition brief) or have consisted of *non sequiturs* as set forth above.  As a result, Plaintiffs have given the Court no reason to stray from the approach set forth in the tentative ruling distributed last year.  The Court now confirms that ruling.

    For the reasons expressed in Docket Number 137, the Court grants Defendants' motion with respect to Plaintiffs' Section 1983 claim and declines supplemental jurisdiction over their only remaining claim.  The case is dismissed.

    It is so ordered.

_____ : _____

Initials of Preparer    JG